**In re Gary P. McDONALD, Debtor.**

**Bankruptcy No. 97–20040–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

June 17, 1997.

Dianne S. Tronolone, Hollywood, FL, for Citibank, FSB.

Robin R. Weiner, Hallandale, FL, trustee.

Robert Bigge, Ft. Lauderdale, FL.

### MEMORANDUM DECISION AND OR- DER LIFTING AUTOMATIC STAY IN FAVOR OF CITIBANK, FSB AND RATIFYING POST–PETITION TRANSFER OR REAL PROPERTY PURSUANT TO 11 U.S.C. § 549(c).

PAUL G. HYMAN, Bankruptcy Judge.

**THIS MATTER** came before the Court on April 7, 1997, for final hearing on the Motion for Relief from the Automatic Stay and Objection to Confirmation of Plan (the "Motion") filed by Citibank, FSB, f/k/a Citicorp Savings of Florida, a Federal Savings and Loan Association ("Citibank"). The Court, having heard the arguments of counsel and being otherwise fully advised in the premises, hereby enters the following Findings Of Fact and Conclusions Of Law.

### FINDINGS OF FACT

The Debtor, Gary P. McDonald, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 3, 1997. The Debtor's Chapter 13 Plan provides for payment to Citibank on its first and second mortgages on real property located at 6325 S.W. 30th Street, Miramar, Florida, 33023 (the "Property"). The Property's legal description is:

LOTS 21 AND 22, IN BLOCK 13, OF MIAMI GARDENS ESTATES SECTION 2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 22, AT PAGE 33, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

The Debtor has claimed the Property as his exempt homestead pursuant to Article 10, § 4 of the Florida Constitution.

Prior to the filing of the Debtor's petition, a Summary Final Judgment of Foreclosure in favor of Citibank was entered on May 21, 1996, in the 17th Judicial Circuit Court in and for Broward County, Florida. (Case No. 96–02947–CACE–09). The Summary Final

Judgment allowed Citibank to schedule and conduct a foreclosure sale on January 6, 1997, to satisfy its second mortgage on the Property. The successful bidders at the sale were K.J. Properties, Inc., and John L. Derynda (the "Successful Bidders"). The amount of their bid was $21,500.00 which was more than the amount owed on the second mortgage. On January 17, 1997, the Clerk of the Broward County Circuit Court issued a Certificate of Title to the Successful Bidders and disbursed the funds necessary to pay off Citibank's second mortgage.

Sometime after the sale, both the Successful Bidders and Citibank became aware of the Debtor's bankruptcy case. Although it is unclear exactly how or when they obtained actual knowledge of the Debtor's bankruptcy case, the Debtor concedes that they did not know of his petition at the time the foreclosure sale took place. It is also undisputed that the Debtor did not file a Suggestion of Bankruptcy in the state court foreclosure action or record a copy of his bankruptcy petition in the public land records of Broward County, Florida.

### CONCLUSIONS OF LAW

In its Motion, Citibank argues that the Debtor may not avoid the post-petition transfer of the Property since all of the required elements of 11 U.S.C. § 549(c), including the transfer for present fair equivalent value, have been met. Citibank also notes that if the sale is avoided by this Court, then it will have to return the proceeds of the foreclosure sale. Citibank objects to confirmation of the Debtor's Chapter 13 Plan on the basis that the Plan seeks to cure and reinstate the second mortgage which was extinguished as a result of the foreclosure sale. At the hearing on the Motion, a representative of the Successful Bidders joined with the Debtor in urging this Court to avoid the post-petition transfer of the Property.

■ Section 549(c) of the Bankruptcy Code provides in relevant part:

> (c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value

unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that it is superior to the interest of such good faith purchaser.

11 U.S.C. § 549(c). According to section 549(c), a good faith purchaser of real property for present fair equivalent value, without knowledge of the commencement of a bankruptcy case, obtains good title to the real property unless notice of the debtor's bankruptcy has been recorded in the appropriate real property records prior to the transfer. However, if the good faith purchaser without knowledge obtained the real property for less than the property's present fair equivalent value, then the purchaser is granted a lien on the real property to the extent of any value given. 11 U.S.C. § 549(c).

■ In the instant case it is undisputed that the foreclosure sale was held post-petition in compliance with Florida law and in violation of the automatic stay. 11 U.S.C. § 362. It is also undisputed that the Successful Bidders were good faith purchasers without knowledge of the Debtor's bankruptcy case because the Debtor failed to record notice of his bankruptcy filing in Broward County's public land records. Therefore, the issue before this Court is whether the Successful Bidders purchased the Property for present fair equivalent value pursuant to section 549(c) of the Bankruptcy Code.

In *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), the United States Supreme Court determined that the amount received at a mortgage foreclosure sale satisfies the requirement of "reasonably equivalent value" found in section 548(2) of the Bankruptcy Code. The Supreme Court stated:

> We deem, as the law has always deemed, that a fair and proper price, or a "reasonably equivalent value," for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the require-

ments of the State's foreclosure law have been complied with.

*BFP,* 511 U.S. at 545, 114 S.Ct at 1765. In *Matter of T.F. Stone Co.,* the Fifth Circuit addressed whether the Supreme Court's holding in *BFP* could be extended to section 549(c) of the Bankruptcy Code. 72 F.3d 466 (5th Cir.1995). The Fifth Circuit found that, despite the slight variation in the wording of the two Code sections, it was proper to extend *BFP* and hold that section 549(c)'s requirement of "present fair equivalent value" could be satisfied by either forced tax sale or mortgage foreclosure sale of the property.[1] *Id.* at 471. This Court agrees and holds that the price received at a foreclosure sale conducted in compliance with state law yields the present fair equivalent value of real property for purposes of section 549(c) of the Bankruptcy Code. Accordingly, the transfer of the Property to the Successful Bidders was for its present fair equivalent value within the meaning of 11 U.S.C. § 549(c).

In conclusion, this Court finds that each element of 11 U.S.C. § 549(c) is present in the instant case and cause exists to lift the automatic stay in favor of Citibank.

### ORDER

Based upon the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion is Granted.

2. The automatic stay imposed by 11 U.S.C. § 362 is lifted *nunc pro tunc* to January 3, 1997, with respect to the real property located at 6325 SW 30th Street, Miramar, Florida, 33012, whose legal description is:

> LOTS 21 AND 22, IN BLOCK 13, OF MIAMI GARDENS ESTATES SECTION 2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 22, AT PAGE 33, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

3. This Order is entered for the specific purpose of allowing Citibank to pursue the lawful *in rem* remedies as to the above

described real property. Citibank shall neither seek nor obtain an *in personam* judgment against the Debtor during the pendency of this bankruptcy proceeding.

4. Citibank's Objection to Confirmation of the Debtor's Plan is sustained.

DONE AND ORDERED.

---

1. Section 548 uses the phrase "reasonably equivalent value" while section 549 uses the phrase "present fair equivalent value."